AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Fort Smith Division

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jul 17, 2024
OFFICE OF THE CLERK

In the Matter of the Search of: )
Rose colored iPhone Cellular Telephone, )
IMEI: 353888109710203 and Blue Samsung )
Cellular Telephone, IMEI: 353283328299776 ) Case No. 2:24-CM- 49
currently being stored at the Drug )
Enforcement Administration's Fort Smith )
Post of Duty )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: **Rose colored iPhone Cellular Telephone, IMEI: 353888109710203 and Blue Samsung Cellular Telephone, IMEI: 353283328299776 currently being stored at the Drug Enforcement Administration's Fort Smith Post of Duty, more particularly described on Attachment A.**

located in the _____Western_____ District of _____Arkansas_____, there is now concealed *(identify the person or describe the property to be seized)*: **See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |
| 21 U.S.C. 846 | Conspiracy to Distribute Controlled Substances |
| 21 U.S.C. 843(b) | Use of Communication Device in Committing a Controlled Substance Offense |

The application is based on these facts:

☑ Continued on the attached sheet. **See affidavit of DEA Special Agent Andrew Chronister**

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.*

/s/ Andrew Chronister (telephonically)
_____
Applicant's signature

Andrew Chronister, DEA Special Agent
_____
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means)*.

Date: 7-17-24

_____
Judge's signature

City and state: Texarkana, Arkansas

Barry A. Bryant, United States Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF ARKANSAS

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Andrew D Chronister, Special Agent of the Drug Enforcement Administration (DEA), being duly sworn, depose and state that:

**INTRODUCTION**

1. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I have been a Special Agent with the Drug Enforcement Administration (DEA), and has been employed in this capacity since April 2018. I am currently assigned as a Special Agent to the Fort Smith Post of Duty Office in Fort Smith, Arkansas. Before being employed with the DEA, I was employed by the Kansas City, Kansas Police Department from December 2012, to April of 2018.

3. During my employment with the DEA and Kansas City, Kansas Police Department, I have had formal training and experience in the investigation of controlled substances and I am familiar with the manner in which controlled substances, including marijuana, cocaine, methamphetamine, and other controlled substances, are packaged, distributed, consumed and how they are identified. I have participated in executing numerous arrests and search warrants for violations involving such substances. In the course of my employment, I have become familiar with the ordinary meaning of controlled substances slang and jargon, and I am familiar with the

manners and techniques of traffickers who distribute controlled substances. I have also received training from experienced DEA Special Agents and other narcotics officers in the investigation of major drug traffickers.

4. The statements contained in this Affidavit are based on investigative efforts of this Affiant, other law enforcement officials, and on my experience and background as a Special Agent with the DEA and as an Officer with the Kansas City, Kansas Police Department. This Affidavit is being submitted for the limited purpose to establish probable cause for a search warrant for the search of the cellular phones (see Attachment A; "**Devices**") seized and maintained as evidence following the seizer of the phones after a probable cause arrest on Duane FOSTER by Arkansas State Police on June 24, 2024 for violations of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 843(b), Use of Communication Device in Committing a Controlled Substance Offense, and 21 U.S.C. § 846, Conspiracy to Distribute a Controlled Substance. For a more specific description of the cellular phone, please refer to Attachment A.

5. Based upon your Affiants knowledge, training, and experience, your Affiant knows that drug traffickers commonly use cellular phones to communicate with their criminal associates. These cell phones contain evidence regarding the dates and times of calls to and from their criminal associates as well as stored information regarding the telephone numbers, names, alias names and saved text messages (both sent and received) to and from their criminal associates. Cellular phones contain video and photographs of criminal associates, illegal substances, locations and other evidence pertinent to this investigation.

## PROBABLE CAUSE

6. On June 24, 2022, at approximately 7:51 a.m., Arkansas State Police Trooper Chris Short conducted a traffic stop on a maroon Ford Truck (Arkansas tag B341337. The traffic stop occurred on eastbound Interstate 40 near the 8-mile marker. The driver was later identified as Duane FOSTER (B/M 11/XX/1986). ASP Trooper Short noticed that FOSTER was extremely nervous during his contact with him. ASP Trooper Short described seeing nervousness/fluttering in his abdomen and his carotid artery pumping in FOSTER's neck. ASP Trooper Short further described FOSTER as remaining extremely nervous throughout the stop even though Trooper Short told him he wasn't in any trouble. FOSTER told Trooper Short that he drove to Amarillo, Texas to sell the truck he was driving to his brother. FOSTER stated that his brother changed his mind once he saw the mileage and the damage on the side of it. The F-450 is registered to T.M.. T.M. and FOSTER have current insurance on the vehicle.

7. Trooper Short conducted a criminal history request on FOSTER, revealing a criminal history of felony marijuana trafficking and a felony money laundering charge. Trooper Short then asked for consent to search of the truck, which was granted by FOSTER. During a search of the truck Trooper Short located 15 Kilogram-shaped bundles of suspected cocaine concealed in a trap. The trap was hidden inside an external fuel tank that was bolted to the bed of the truck.

8. FOSTER was placed under arrest for drug trafficking. The "**Devices**" were located in the center console of the vehicle.

9. SA Brooks and SA Chronister obtained the "**Devices**" (described in attachment A) belonging to FOSTER which are stored and maintained as evidence at the Fort Smith DEA Office.

SA Chronister obtained the suspected cocaine as well, which field tested positive for the presence of

10. In my training and experience, I am aware that traffickers of illegal narcotics frequently utilize cellular telephones to facilitate the purchase, transportation, and/or distribution of illegal narcotics. Specifically, your affiant is aware the drug traffickers utilize multiple cellular telephones to communicate with co-conspirators during the transport of illegal narcotics to avoid detection and to differentiate between types of transactions, end-user and sources of supply. Furthermore, cellular telephones frequently contain names, text messages, voice mail messages, photographs, videos, and contact numbers for/of others involved in the distribution of illegal narcotics.

11. Further, in my training and experience, a conspiracy to traffic narcotics generates various types of cellular telephone-related evidence. For example, the following types of evidence may be generated during the conspiracy: (1) telephone and direct contact numbers; (2) identifying information assigned to the device (including usernames, passwords and e-mail addresses); (3) call detail information (outgoing/incoming/missed calls); (4) internet protocol addresses accessed by the device or accessing the device; (5) stored photographs, videos and text messages; (6) stored electronic mail, including attachments, and voice messages and other recordings; (7) web browsing history and any stored web pages; (8) stored documents and other files; (9) stored geo-location information; and (10) data stored in any application.

12. Based upon your affiant's training and experience, your affiant also knows that members of drug trafficking organizations, including dealers, often use mobile phones to communicate with their narcotics source of supply and delivery recipients. Drug distributors often use SMS text messaging to communicate arrival and departure times, meeting places, details about

narcotics, and details about other co-conspirators involved in the distribution of narcotics. Your affiant has also observed drug distributors who photograph large sums of U.S. Currency and/or narcotics, which are then stored on the mobile device.

## TECHINCAL TERMS

13.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a.     Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b.     Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections

between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

15. Based on my training, experience, I know that the "**Devices**" have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, PDA, and has internet capabilities. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AN FORENSIC ANALYSIS

16. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

17. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the "**Devices**" were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the "**Devices**" because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

18. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the "**Devices**" consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

19. *Manner of execution.* Because this warrant seeks only permission to examine "**Devices**" already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

20. WHEREFORE, I believe that in light of the information contained herein, there is probable cause to believe that the "**Devices**" (more particularly described in Attachment A; of this affidavit) seized by and in the possession of the Fort Smith Post of Duty DEA contains information and records which would constitute evidence of violations of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 843(b), Use of Communication Device in Committing a Controlled Substance Offense, and 21 U.S.C. § 846, Conspiracy to Distribute a Controlled Substance, and that there is probable cause for a search warrant authorizing the examination of the "**Devices**" described in Attachment A; for the items described in Attachment B.

DATED this 17 day of July, 2024.

/s/ Andrew Chronister (telephonically)
Andrew Chronister
DEA Special Agent

Affidavit subscribed and sworn to before me this 17 day of July, 2024.

Honorable Barry A. Bryant
United States Magistrate Judge

## ATTACHMENT A

Rose IPhone, IMEI: 353888109710203, which is currently in the custody of the Fort Smith DEA located at 4977 Old Greenwood Rd Fort Smith, AR 72903.




Blue Samsung, IMEI: 353283328299776 which is currently in the custody of the Fort Smith DEA at 4977 Old Greenwood Rd Fort Smith, AR 72903.




## ATTACHMENT B

All records on the Device described in Attachment A that relate to violations of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 843(b), Use of Communication Device in Committing a Controlled Substance Offense, and 21 U.S.C. § 846, Conspiracy to Distribute a Controlled Substance, including but not limited to:

a. Any and all communications to and from the Device involving the trafficking of controlled substances;

b. Any and all communications to and from the Device involving Duane Foster, Pablo;

c. Evidence of user attribution showing who used or owned the device at the time the travel, electronically stored communications and data described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved user names and passwords, documents, connections to other cloud storage accounts, and browsing history,

d. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions and specifically all information relating to the drugs located in the vehicle that may indicate its origins in drug trafficking,

e. Outgoing, incoming, and missed telephone numbers,

f. Numeric/alphanumeric, text, and video/audio messages sent or received,

g. Address and telephone number listings,

h. Electronically composed memorandum,

i. Time and/or data markings to include calendar format organization of all such data,

j. Phone book listings to include names, aliases, telephone numbers, codes, types of phone numbers and addresses,

k.  Photographs and videos which tend to show the owner/user of the cell phones, or which depict controlled substances, money or other assets, or which identify criminal associates,

l.  Historical GPS locations, and

m.  Internet web browser history data

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data), messaging content, and any photographic or video form.